**JUDGE SWAIN**

UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------
BRONX EYE CARE OPTOMETRY, P.L.L.C.

                Plaintiff,

    v.

LOGO OF THE AMERICAS AND PREMIERE VISION

                Defendants.
------------------------------------

**07 CV 2968**

DOCKET NO:

ECF CASE

**NOTICE OF REMOVAL**



      Defendant Logo of the Americas, Inc. d/b/a Premiere Vision (hereinafter "Premiere Vision" or "Defendant") improperly pleaded as Logo of the Americas and Premiere Vision by its attorney Martin P. Skolnick, Esq., in the above-entitled case, states:

      1.    Defendant desires to exercise its rights under the provisions Title 28 U.S.C. § 1441, *et seq.*, to remove this action from the Supreme Court of the State of New York, Bronx County, in which Court said cause is now pending under the caption "Bronx Eye Care Optometry, P.L.L.C., Plaintiff against Logo of the Americas and Premiere Vision, Defendants," index number 13075/07.

      2.    This is a civil action in which the District Court of the United States have been given jurisdiction in that there exists diversity of citizenship between plaintiff and defendant, and the amount in controversy exceeds the sum of $75,000.00,

exclusive of interest and costs, and thus there is original jurisdiction in the District Courts of the United States as provided in 28 U.S.C. § 1332.

3.  Under the provisions of 28 U.S.C. § 1441, *et seq.*, the right exists to remove this case from the Supreme Court of the State of New York, Bronx County to the United States District Court for the Southern District of New York, which embraces the place where this action is pending.

4.  This action involves a controversy between citizens of different states. The plaintiff is now and was at the commencement of this action a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York. The defendant, Logo of the Americas, Inc. d/b/a Premiere Vision, is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Florida.

5.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In the Plaintiff's Complaint dated March 19, 2007, and received by Defendant on March 21, 2007, plaintiff demands damages in the amount of $2,000,000.00.

6.  The date on or before which defendant is permitted by the Federal Rules of Civil Procedure to remove this action to this Federal Court has not lapsed. The date upon which the summons and complaint were served upon Defendant was March 21, 2007. In accordance with the requirements of 28 U.S.C. § 1446, this petition for removal is filed within 30 days after the receipt by defendant, Logo of the Americas, Inc. d/b/a Premiere Vision, of a paper from which defendant first ascertained that this

case was one which is removable and one year has not passed since the commencement of this action.

7. Pursuant to the provisions of 28 U.S.C. § 1446, Defendant attaches herewith and incorporates herein by reference copies of the following document in this action: (a) Plaintiff's Summons and Complaint, dated March 19, 2007, (Exhibit A).

8. By reason of the above, Defendant desires and is entitled to have this case removed from the Supreme Court of the State of New York, Bronx County, to the United States District Court for the Southern District of New York, such being the district where said suit is pending.

9. Written notice of the filing of this notice will be given to all adverse parties as required by law.

10. A true copy of this notice will be filed with the Clerk of the Supreme Court of the State of New York, Bronx County.

THEREFORE, defendant, Logo of the Americas, Inc. d/b/a Premiere Vision, removes to this Court this action and henceforth this action is placed upon the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Dated: April 13, 2007

_____
Martin P. Skolnick, Esq. (MS 4496)
5021 Industrial Road
Farmingdale, NJ 07727
Attorney for defendant, Logo of the Americas, Inc. d/b/a Premiere Vision,

# EXHIBIT A

732-919 0332 .  ATTN: MARTIN

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BRONX EYE CARE OPTOMETRY, P.L.L.C.

                Plaintiff

-against-

LOGO OF THE AMERICAS and PREMIERE VISION

                Defendants

INDEX NO. 13075/07
Date purchased: March 20, 2007

Plaintiff designates Bronx County
as the place of trial

The basis of the venue is Plaintiff's
place of business

**SUMMONS**

Plaintiff resides at
2075 Bartow Avenue
County of Bronx

3/21/07 11:50 AM
HECTOR CASTRO
SPS 287

2007 MAR 20 AM 10:54
BRONX COUNTY CLERK
RECEIVED

---

PLEASE TAKE NOTICE that the Defendants each located at 1840 N. Commerce Parkway, Suite 2, Weston, Florida 33326:

Are hereby summoned and required to answer the Complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney within 30 days after the service is complete. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

                By: _____
                      Richard Lynn
                      Attorney for Plaintiff
                      Bronx Eye Care
                      2075 Bartow Avenue
                      Bronx, NY 10475
                      718-320-0049

Dated: March 19, 2007

Logo of the Americas
Premiere Vision
1840 N. Commerce Parkway, Suite 2
Weston, Florida 33326

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

BRONX EYE CARE OPTOMETRY, P.L.L.C.    INDEX NO. 13075/07

        Plaintiff

    -against-    **COMPLAINT**

LOGO OF THE AMERICAS and PREMIERE VISION

        Defendants

---

1. Dr. Ned Steinfeld is the sole owner and shareholder of Plaintiff, Bronx Eyecare Optometry, P.L.L.C.

2. Plaintiff is a New York professional limited liability corporation doing business in the State of New York.

3. Defendants Logo of the Americas and Premiere Vision were, at the time of the actions complained of (and continue to be to date), foreign corporation doing business in the State of New York. Among other things, such Defendants were the United States representatives for (and responsible for the United States distribution of) the FRED line of luxury eyewear.

## CAUSE OF ACTION

4. On or about March 17, 2002, Plaintiff and Defendant met at Vision Expo in New York City. Nick Palmiotto was the individual who met with Plaintiff at this meeting. Mr. Palmiotto at the time of the actions complained of (and continues to date), was employed by Defendant Logo of the Americas and/or Defendant Premiere Vision, and had the ability to enter

into contracts and other binding arrangements on behalf of such Defendants. Vision Expo is one of the largest conventions for contact lenses, eyewear, ophthalmic equipment, and optical accessories in the world. At this meeting, Plaintiff and Palmiotto (on behalf of the Defendants) discussed Plaintiff's desire to distribute the FRED line of luxury eyewear at Plaintiff's eye care stores in the Bronx and Westchester, New York.

5. At this March 17, 2002 meeting, Plaintiff notified Palmiotto (on behalf of the Defendants) that for budgetary reasons, Plaintiff was unable to carry numerous lines of luxury eyewear at Plaintiff's stores. Plaintiff informed Palmiotto (on behalf of the Defendants) that Plaintiff was interested in carrying the FRED line of luxury eyewear. However, since such line was less known than other luxury eyewear lines, Plaintiff could do so only if Plaintiff was granted exclusivity as to the distribution of such eyewear in the territory Plaintiff serviced (i.e., the Bronx and Westchester, New York). Palmiotto (on behalf of the Defendants) agreed to such request by Plaintiff.

6. In order to memorialize the understanding reached between Plaintiff and Defendants at this March 17, 2002 meeting, Palmiotto produced a standard agreement entitled "AGREEMENTS FOR OPTICAL DEALERSHIP OF FRED EYEWEAR" (the "Contract"). Plaintiff and Palmiotto (on behalf of the Defendants) added the following language to the Contract: "exclusive arrangement for all Westchester & Bronx, NY." Palmiotto (on behalf of the Defendants) then initialed that added language and Plaintiff signed the Contract. A copy of the Contract as initialed and signed on March 17, 2002 is attached hereto as Exhibit A.

7. Subsequent to March 17, 2002 Plaintiff began promoting its carriage of the FRED line of luxury eyewear and proudly announced the fact that Plaintiff was the exclusive distributor

of such eyewear in the Bronx and Westchester. Plaintiff spent a great amount of time and effort so promoting this product line and such exclusive relationship.

8. A few months subsequent to March 17, 2002, a customer in one of Plaintiff's stores mentioned to Plaintiff that the same FRED eyewear for which Plaintiff was promoting his exclusivity was available for sale at a store a few blocks away. This store was owned by one of Plaintiff's main competitors in the Bronx. Plaintiff immediately notified Defendants of this fact and notified Defendants that this constituted a breach of the Contract. Defendants did not deny the fact, but simply stated that that store had been carrying FRED eyewear for "a long time." Therefore, Defendants essentially acknowledged that they never could have granted Plaintiff the exclusivity they had promised and they were aware of this fact. While Plaintiff reserved all of its rights with respect to the issue, Plaintiff also demanded compensation as a result of this breach. Defendants assured Plaintiff that such a situation would never happen again, but failed to provide any monetary restitution. This despite the fact that Defendants clearly had been in breach of the Contract from the moment it was signed.

9. A short time after the situation set out in 8. above, a different customer notified Plaintiff that FRED eyewear was being sold in another location in the Bronx. Again, the location was owned by a major competitor of Plaintiff. Again, Plaintiff expressed outrage to Defendants about the violation of Plaintiff's exclusivity as to the sale of FRED eyewear in the Bronx and Westchester. Again, Defendants failed to remedy the situation. Again, Plaintiff reserved its rights and demanded monetary compensation.

10. The situations set forth in 8. and 9. above were repeated a third time in the Bronx and also in Westchester. Again, the situations played out the same. It turned out the Defendants

3

had disregarded the exclusivity granted to Plaintiff both before and after the Contract was entered into. Despite Plaintiff's demands for Defendants to honor the Contract and provide a monetary resolution to the matter, no action by Defendants was taken.

11. As a result of Defendants' actions and breaches of the Contract, Plaintiff did not receive the benefit of what he bargained for. Indeed, just the opposite. Plaintiff expended, and, therefore, lost significant time and monies promoting an exclusive relationship he never received. He suffered professional embarrassment as customers questioned his promoting his exclusive right to sell FRED luxury eyewear, as his major competitors nearby sold the same eyewear. Adding insult to injury, these competitors often undersold Plaintiff's prices on the FRED eyewear, even selling the eyewear below the retail price that Defendants suggested to Plaintiff was the appropriate price at which to sell such eyewear. Thus, Plaintiff lost sales as his customers found other places to purchase the FRED luxury eyewear nearby.

12. In addition, in reliance on the Contract, Plaintiff passed on other lines of luxury eyewear and other business opportunities. This caused Plaintiff to suffer a significant loss of income. Luxury eyewear is a significant profit center for Plaintiff's business and Plaintiff had passed on selling certain more popular luxury lines in order to carry the less known FRED line on an exclusive basis. Plaintiff had committed a significant amount of his resources to being able to sell the FRED luxury eyewear line on such an exclusive basis. Therefore, when Defendant breached the Contract, Plaintiff was left without the exclusive relationship he had bargained for, as well as sufficient monies to pursue other lines of more popular luxury eyewear and other business opportunities.

WHEREFORE, Plaintiff demands judgment and respectfully requests relief in the total amount of $2,000,000 and for the Court to grant Plaintiff such further, other, and different relief as this Court may deem just and proper in the premises, together with Attorney fees and costs of this Action.

By: _____
Richard Lynn
Attorney for Plaintiff
Bronx Eye Care
2075 Bartow Avenue
Bronx, New York 10475
718-320-0049

Dated: March 19, 2007

Exhibit A

MAR-19-2002  16:43      LOGO OF THE AMERICAS                    800 447 5646    P.01/02

## AGREEMENTS FOR OFFICIAL DEALERSHIP OF FRED EYEWEAR

This agreement for official dealers of FRED eyewear will become effective when the undersigned agrees to the terms and conditions stated herein and it is accepted by FRED Lunettes.

BUSINESS NAME: _Bronx Eye Care Optometry_

D/B/A: _Westchester Vision Center_

ADDRESS: _49 Tarrytown Road_

CITY: _White Plains_   STATE: _NY_   ZIP CODE: _10607_

TELEPHONE: _(914) 946-1020_   FAX: (   )

E-MAIL:

Agreed to by: _____
Corporate office or company owner (Please Print)
(Official FRED dealer)

Signature _[signed]_   Title _Owner_
(Official FRED Dealer)

Date _3/17/02_

Signature _____   Date _____
FRED Vice President Sales & Marketing

★ Exclusive Arrange for All Westchester + Bronx NY. NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------x
BRONX EYE CARE OPTOMETRY, P.L.L.C.

                                        *Plaintiff*

- against -

LOGO OF THE AMERICAS and PREMIERE VISION

                                        *Defendants*
-------------------------------------------------------------------x

Index No. 13075/07

## SUMMONS AND COMPLAINT

Richard Lynn
Bronx Eye Care
2075 Bartow Avenue
Bronx, NY 10475
Attorney for Plaintiff
718-320-0049