UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRONX EYE CARE OPTOMETRY, P.L.L.C.<br><br>                   Plaintiff,<br><br>       v.<br><br>LOGO OF THE AMERICAS AND PREMIERE VISION<br><br>                   Defendants. | DOCKET NO: 07 CV 2968-LTS-JCF<br><br>ECF CASE<br><br><br>ANSWER AND AFFIRMATIVE DEFENSES |

Defendant Logo of the Americas, Inc. d/b/a Premiere Vision (hereinafter "Premiere Vision" or "Defendant") improperly pleaded as Logo of the Americas and Premiere Vision as and for its answer to Plaintiff Bronx Eye Care Optometry, P.L.L.C.'s Complaint hereby answers as follows:

      1.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph One of the Complaint.

      2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Two of the Complaint.

      3.    Defendant denies the allegations contained in Paragraph Three of Complaint, except Defendant admits that Premiere Vision is a division of Logo of the Americas, Inc., Defendant is a Delaware Corporation, and Defendant is the United States representatives for the FRED line of luxury eyewear.

4. Defendant admits the allegations contained in Paragraph Four of the Complaint, except Defendant denies that Nick Palmiotto had the ability to enter into contracts and other binding arrangements on behalf of Defendant.

5. Defendant denies the allegations contained in Paragraph Five of the Complaint.

6. Defendant denies the allegations contained in Paragraph Five of the Complaint, except Defendant admits that Nick Palmiotto initialed the unexecuted agreement.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph Seven of the Complaint.

8. Defendant denies the allegations contained in Paragraph Eight of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by plaintiff's customer. By way of further response, on or about February 24, 2003 Defendant gave Plaintiff a credit in the amount of $2,908.65 in lieu of any alleged exclusive arrangement. Plaintiff accepted the credit in the amount of $2,908.65 and waived any alleged exclusive arrangement. Further, there was no contract entered into between the Plaintiff and Defendant, and therefore Plaintiff cannot assert a claim for breach of contract.

9. Defendant denies the allegations contained in Paragraph Nine of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by plaintiff's customer. By way of further response, on or about February 24, 2003 Defendant gave Plaintiff a credit in the amount of $2,908.65 in lieu of any alleged exclusive arrangement. Plaintiff

accepted the credit in the amount of $2,908.65 and waived any alleged exclusive arrangement.

10. Defendant denies the allegations contained in Paragraph Ten of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by plaintiff's customer. By way of further response, on or about February 24, 2003 Defendant gave Plaintiff a credit in the amount of $2,908.65 in lieu of any alleged exclusive arrangement. Plaintiff accepted the credit in the amount of $2,908.65 and waived any alleged exclusive arrangement. Further, there was no contract entered into between the Plaintiff and Defendant, and therefore Plaintiff cannot assert a claim for breach of contract.

11. Defendant denies the allegations contained in Paragraph Eleven of the Complaint.

12. Defendant denies the allegations contained in Paragraph Twelve of the Complaint, except Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiff passing on other lines of luxury eyewear and plaintiff committing significant amount of its resources. Further, there was no contract entered into between the Plaintiff and Defendant, and therefore Plaintiff cannot assert a claim for breach of contract.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, assessing costs of suit, and for such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

13. Plaintiff fails to state a claim against Defendant upon which relief may be granted.

14. Plaintiff's claims agains Defendant are barred by collateral estoppel, res judicata and the entire controversy doctrine.

15. Plaintiff's claims against Defendant are barred by accord and satisfaction.

16. Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of unclean hands.

17. Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of laches.

18. Plaintiff's claims against Defendant are barred in whole or in part by the doctrines of waiver and estoppel.

19. Plaintiff's claims against Defendant are barred in whole or in part by its consent to the actions complained of.

20. Plaintiff's claims against Defendant are barred in whole or in part by the doctrine of justification.

21. Plaintiff's claims against Defendant are barred in whole or in part by Plaintiff's failure to mitigate its damages if any.

22. Plaintiff's claims against Defendant are barred in whole or in part because the harm to it, if any, was caused by persons other than Defendant over whom Defendant had no control and/or no duty to control.

23. Plaintiff's claims against Defendant are barred in whole or in part because the harm to it, if any, was caused by the intervening acts of persons other than Defendant over whom Defendant had no control and/or duty to control.

24. Plaintiff's damages, if any, were not proximately caused by any actions, omission or other conduct of Defendant.

25. Defendant breached no duty, contractual or otherwise, owed to Plaintiff.

26. Plaintiff's claims against Defendant are barred in whole or in part because Plaintiff's damages, if any, are too remote to assess or are speculative or otherwise not recoverable.

27. Plaintiffs' claims against Defendant are barred by the Entire Controversy Doctrine. Defendant previously initiated a suit against Plaintiff in the County Court in and for Broward County, Florida, captioned, <u>Logo of the Americas, Inc. v. Bronx Eyecare Optometry, PLLC</u>.

28. There was no contract entered into between the Plaintiff and Defendant, and therefore Plaintiff cannot assert a claim for breach of contract.

29. There was no meeting of the minds between the Plaintiff and Defendant.

**WHEREFORE**, Defendant demands judgment in its favor and against Plaintiff, dismissing the Complaint with prejudice, assessing costs of suit, and for such other and further relief as this Court may deem just and proper.

Dated: April 17, 2007                    <u>s/ Martin P. Skolnick</u>
                                         Martin P. Skolnick, Esq. (MS 4496)
                                         5021 Industrial Road
                                         Farmingdale, NJ 07727
                                         Attorney for defendant, Logo of the Americas, Inc.