UNITED STATES DISTRICT
SOUTHERN DISTRICT OF NEW YORK

BRONX EYE CARE OPTOMETRY, P.L.L.C.

                 Plaintiff,

        v.

LOGO OF THE AMERICAS AND PREMIERE
VISION

              Defendants.

DOCKET NO:  07 CV 2968-LTS-JCF

ECF CASE

**PRELIMINARY
PRE-TRIAL STATEMENT**

(a) <u>Nature of this Action</u>:  The Plaintiff, Bronx Eye Care Optometry, P.L.L.C. ("Bronx Eye Care"), is a retailer of eyewear, and the Defendant, Logo of the Americas, Inc. d/b/a Premiere Vision ("Premiere Vision"), is a distributor of the Fred line of eyeglass frames.  The Plaintiff has filed a complaint asserting a claim for breach of contract.  Plaintiff contends that Defendant breached an exclusive arrangement for the sale of Fred eyewear in Westchester and Bronx Counties, New York.

(b) <u>Basis of the Court's Jurisdiction</u>.  Pursuant to the provisions of 28 U.S.C. § 1441, *et seq.*, Defendant has exercised its right to remove this case from the Supreme Court of the State of New York, Bronx County to the United States District Court for the Southern District of New York.  This action involves a controversy between citizens of different states.  The Plaintiff is now and was at the commencement of this action a corporation organized and existing under the laws of the State of New York with its principal place of business in the State of New York.  The Defendant is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Florida.  The amount in controversy exceeds the sum of $75,000,exclusive of interest and costs.  In the Plaintiff's Complaint dated March 19, 2007, and received by Defendant on March 21, 2007, Plaintiff demands damages in the amount of $2,000,000.00.

(c) <u>Material Uncontested Facts</u>.  On March 17, 2002, the owner and sole shareholder of Bronx Eye Care, Dr. Ned Steinfeld, met with Mr. Nick Palmiotto, then the Northeast Regional Manager of Defendant, at Vision Expo in New York City.  At this meeting, after discussions between Mr. Palmiotto and Dr. Steinfeld concerning Bronx Eye Care carrying Fred eyewear in its stores, Mr. Palmiotto presented Dr. Steinfeld with a standard agreement entitled "AGREEMENTS FOR OPTICAL DEALERSHIP OF FRED EYEWEAR."  The following language was

handwritten on to this document: "exclusive arrangement for all Westchester & Bronx , NY". Dr. Steinfeld signed the contract. Mr. Palmiotto initialed the handwritten language.

(d) <u>Uncontested Legal Issues</u>. Not applicable.

(e) <u>Legal Issues to be Decided by the Court</u>. Plaintiff asserts that there is an enforceable contract in place that has been breached by Defendant. Assuming the Court finds that there is indeed an enforceable contract in place, the next legal issue will be the determination of certain of its specific terms. Lastly, there may be a legal issue as to the applicability of certain of Plaintiff's claimed damages. Also, Defendant intends to assert the following legal defenses: (a) defendant's representative lacked either actual or apparent authority to enter into the agreement, (b) waiver, (c) estoppel, and (d) laches.

(f) <u>Each Party's Statement as to Material Disputed Facts</u>.  The only material facts which seem to be in dispute from Plaintiff's vantage point is whether Plaintiff somehow agreed to settle this dispute at some point in time. Plaintiff vigorously denies that it ever settled this dispute in any way.  Plaintiff's course of conduct clearly supports this denial. Plaintiff has consistently complained about Defendant's failure to provide the exclusive arrangement Plaintiff had bargained for. Plaintiff spoke with Defendant numerous times about this matter and has periodically written letters demanding satisfaction. Until Plaintiff commenced this lawsuit, most of Plaintiff's actions have simply been ignored.

The following are Defendant's material disputed facts: (a) Defendant never signed the agreement with Plaintiff; (b) Defendant's representative, Nick Palmiotto, did not have either actual or apparent authority to enter into the agreement; (c) Plaintiff entered into a subsequent agreement with Defendant waiving any alleged claim for exclusivity in return for a discount from Defendant; and (d) Plaintiff had an outstanding overdue balance at all relevant times forcing Defendant to initiate a collection action against Plaintiff, and Plaintiff's current claims should have been raised in the prior action.

(g) <u>Statement of the Legal Basis for Each Cause of Action</u>. Plaintiff's claim is breach of contract and a failure to receive the benefit of what Plaintiff contractually bargained for. There was a binding contract in place that both parties signed. The parties then proceeded to conduct business with each other as if there was a contract in place.

(h) <u>Statement of the Legal Basis for Each Defense to be Asserted</u>. (a) There was no meeting of the minds between the parties and therefore there was not a binding agreement; (b) Defendant's representative, Nick Palmiotto, did not have either actual or apparent authority to enter into the agreement; (c) Plaintiff waived its

claim when it entered into a settlement agreement with Defendant waiving any alleged claim for exclusivity in return for a discount from Defendant; (d) Plaintiff is estopped from asserting this claim because Plaintiff failed to asserts its claim after Defendant initiated a collection action against Plaintiff in Florida; (e) Plaintiff failed to mitigate its damages and in fact Plaintiff does not have any damages; and (f) Plaintiff failed to asserts its claim in a timely manner.

(i) Burden of Proof Issues. Plaintiff has the burden to establish that there was a binding contract, that there was a breach of the contract, and that the plaintiff suffered damages as a result. Defendant has the burden to establish waiver, estoppel and laches.

(j) Amendments to Pleadings/Substitution of Parties—Deadlines. None are anticipated.

(k) Consent to Magistrate Judge. All parties would so consent.

(l) Changes, if any, to Fed. R. Civ. P. 26(a). None are recommended or believe to be needed at this time.

(m) Discovery. Plaintiff and Defendant anticipate exchanging interrogatories and document requests concerning the initial alleged agreement, and the parties subsequent dealings. Each party likely will need no more than six depositions. Discovery likely can be completed within 180 days.

(n) Expert Witnesses/Testimony. Plaintiff does not anticipate the need for expert witnesses or testimony, except, possibly, as to damages. Defendant does not anticipate retaining an expert, but reserves its right to do so should plaintiff retain an expert.

(o) Changes to Discovery Limitations. Plaintiff and Defendant are not asking for any changes.

(p) Settlement Discussions. Plaintiff has initiated settlement discussions.

(q) Trial by Jury. Both sides have agreed that a trial by jury is not necessary. A trial should not be lengthy. It should be less than one week.

(r) Any other orders. None.

Dated: July 2, 2007

Martin P. Skolnick, Esq. (MS 4496)
5021 Industrial Road
Farmingdale, NJ 07727
Attorney for defendant, Logo of the
Americas, Inc.

Richard Lynn, Esq.
1075 Bartow Avenue
Bronx, New York 10476
Attorney for Plaintiff Bronx Eye Care
Optometry, P.L.L.C.